## THE BARTLE DALY.
## DALY v. ELEVEN HUNDRED AND SIX TONS OF COAL.
### No. 8976.

District Court, E. D. New York.
June 25, 1929.

' Forrest E. Single, of New York City, for libelant.

Alexander & Ash, of New York City, for claimant.

CAMPBELL, District Judge.

This is a cause of general average.

On March 29, 1926, the claimant's consignor caused to be laden on board of the barge Bartle Daly ten hundred and six tons of coal to be transported from her port of loading to the coal pockets of the claimant at the foot of 136th street, in the borough of Manhattan, city of New York.

The barge Bartle Daly was taken in tow by a tug operated by the Red Star Towing & Transportation Co., and towed to the point aforesaid, where she arrived about 8 o'clock p. m. She was made fast outside of three other boats, the Burns Bros. No. 9 being the boat alongside the dock, the boat E. M. Duffy the second boat out, the boat Junius the third boat out, and the boat Bartle Daly the fourth boat out.

No lines were run by the tug from the Bartle Daly to the pier, nor by the bargee of the Bartle Daly, who was the agent of the owner charged with taking care of the lines of the vessel. Dailey v. Carroll (C. C. A.) 248 F. 466.

No attempt was made by the bargee to put out lines to the dock, and his boat remained moored without incident until about midnight, when a Tracy tug brought in the barge Daly Boys, owned by the libelant, and made her fast alongside the barge Bartle Daly. Neither the tug nor the bargee of the Daly Boys made any lines fast to the dock.

When the Daly Boys was brought in the tide was high water slack, and between 2 and 3 o'clock a. m., when the tide was ebb, the whole flotilla of five boats went adrift and were carried by wind and tide for one-half to three-fourths of an hour, when the barge Bartle Daly fetched up on the rocks at a point in the East River near 132d street, and acted as an anchor, holding the other boats of the flotilla.

As a result of such grounding, salvage services were rendered to the barge Bartle Daly.

If libelant was guilty of negligence, he cannot recover. The Irrawaddy, 171 U. S. 187, 18 S. Ct. 831, 43 L. Ed. 130; 36 Cyc. 377; The Mary F. Barrett (D. C.) 270 F. 618; The Buckleigh (D. C.) 3 F.(2d) 829; The Ernestina (C. C. A.) 259 F. 772.

There is no evidence in this suit that the claimant employed the tugs, or either of them, that landed the barges Bartle Daly or Daly Boys, or that there was any privity between the said tugs and claimant, only the negative testimony of the libelant Bartle Daly that he did not pay the Red Star or Tracy tug that landed the Bartle Daly or Daly Boys.

This it seems to me is hardly sufficient to charge the claimant with any negligence on the part of the tugs, and likewise the libelant is not charged with the tug's negligence.

The evidence shows that the Bartle Daly did not have an anchor, and this would be a fault if such an anchor could have served in any way to have prevented the accident, but it could not, first, because the rocky bottom would have rendered its use of no avail, and also because, if the Bartle Daly and Daly Boys had been provided with anchors, I cannot assume that they would have been sufficient to hold up the whole flotilla, which held together, and the failure of the other boats to carry anchors could not be charged to the libelant.

The duty of the bargees of the barges Bartle Daly and Daly Boys to get out proper lines is unquestioned, and, as between the barge owner and the consignee, the duty rested on the owner, and the failure of the bargees to perform that duty was negligence, which defeats the libelant's claim for general average.

The testimony offered to show that it was impossible for the bargees to run lines to the dock is not convincing.

A decree may be entered in favor of the claimant dismissing the libel with costs.